**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL LEE JIMENEZ,

Petitioner - Appellant,

v.

JOE ALLBAUGH,

Respondent - Appellee.

No. 17-6077
(D.C. No. 5:15-CV-01087-R)
(W.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **MURPHY** and **MATHESON**, Circuit Judges.

Petitioner-Appellant Michael Lee Jimenez, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") to appeal from the district court's denial of his 28

U.S.C. § 2254 habeas petition. Jimenez v. Patton, No. CIV-15-1087-R, 2017 WL

1082477 (W.D. Okla. Mar. 22, 2017). To obtain a COA, Mr. Jimenez must make a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see

Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). Because Mr. Jimenez has not made

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

such a showing, we deny a COA, deny his motion for leave to proceed in forma pauperis ("IFP"), and dismiss the appeal.

Mr. Jimenez was convicted by a jury of murder and related crimes in Oklahoma state court. He was sentenced to life in prison without parole, along with additional terms of years for the related crimes. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions. Mr. Jimenez later filed a 28 U.S.C. § 2254 habeas petition, asserting violations of the Confrontation Clause based on the admission of a witness's preliminary-hearing testimony and the testimony of a medical examiner whose opinion was based on an autopsy report and related findings of a different, non-testifying medical examiner; prosecutorial misconduct; ineffective assistance of counsel; and cumulative error. The magistrate judge who reviewed Mr. Jimenez's petition recommended that it be denied. Jimenez v. Patton, No. CIV-15-1087-R, 2016 WL 8578263 (W.D. Okla. June 23, 2016). After considering Mr. Jimenez's objections, the district court adopted the recommendation, denied the petition, and denied a COA. Jimenez, 2017 WL 1082477, at *1–2. Mr. Jimenez timely sought a COA, raising the same claims he presented to the district court.

For this court to grant a COA, Mr. Jimenez must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (citation and internal quotation marks omitted).

Where, as here, the claims were decided by the state courts on the merits, Mr.

2

Jimenez must show that the state courts' resolution either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). Under the "contrary to" clause, a federal court may grant the writ "if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000). Under the "unreasonable application" clause, a federal court may grant the writ only if "the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. The inquiry is further limited "to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Applying the requisite standard of deference, we find that the district court's conclusion that Mr. Jimenez is not entitled to relief on each of these grounds is not reasonably debatable. Our determination that reasonable jurists could not debate the district court's resolution of Mr. Jimenez's claims for a Confrontation Clause violation based on the admission of preliminary-hearing testimony, prosecutorial misconduct, ineffective assistance of counsel, and cumulative error are for the reasons stated in the magistrate judge's report and recommendation.

Our reasoning differs, however, for Mr. Jimenez's Confrontation Clause claim

3

based on the admission at trial of expert testimony that may have relied upon the report and findings of a non-testifying expert. Because Mr. Jimenez did not object to the testimony at trial, the OCCA reviewed the claim for plain error, acknowledging that, "given the constitutional nature of the claim, any error must be harmless beyond a reasonable doubt." 1 R. 179. The OCCA concluded that there was no error because the testifying expert provided independent observations and conclusions and did not testify to the opinions of the non-testifying expert or the contents of his report. Id. at 180. Additionally, the report was not introduced into evidence. Id.

In determining that the OCCA's resolution of this claim was reasonable and consistent with Supreme Court precedent, the magistrate judge and the district court relied on Justice Alito's opinion in Williams v. Illinois, 132 S. Ct. 2221 (2012), to conclude that a defendant's right to confrontation is not violated when a testifying expert, when stating the basis for his independent opinion, references a report prepared by another expert without commenting on the conclusions expressed in the report. See Jimenez, 2017 WL 1082477, at *1; Jimenez, 2016 WL 8578263, at *7–9. In so doing, the magistrate judge and the district court overlooked the fact that Justice Alito's opinion was joined only by a plurality. We express no view as to whether the plurality opinion should be treated as controlling.

Nevertheless, given these facts and the deferential standard of review, the conclusion that Mr. Jimenez is not entitled to federal habeas relief for his Confrontation Clause claim is not reasonably debatable. The OCCA specifically rejected the factual

4

premise of Mr. Jimenez's claim, that the expert had no independent basis for his conclusions, twice stating that the expert's opinion resulted from his independent investigation. The expert did not testify as to any findings or conclusions in the report. The degree to which an expert may reference (let alone rely upon) a report made by another person not called as a witness is not clearly established, particularly given the 4–1–4 divide of the opinions in Williams v. Illinois. See United States v. Pablo, 696 F.3d 1280, 1291 (10th Cir. 2012). Further, we have recognized that opinion testimony will not violate the Confrontation Clause when the testifying expert provides an independent judgment, even if the testimony is in some part based on inadmissible evidence. United States v. Kamahele, 748 F.3d 984, 1000 (10th Cir. 2014); see also, e.g., United States v. Maxwell, 724 F.3d 724, 727 (7th Cir. 2013). Regardless, given the deference we must apply, the OCCA's conclusion that there was no error is not reasonably debatable.

We therefore DENY Mr. Jimenez's request for a COA, DENY his request to proceed IFP, and DISMISS his appeal.

ENTERED FOR THE COURT


Paul J. Kelly
Circuit Judge

5